FILED

SEP 15 2000

U.S. DISTRICT COURT
CLERK'S OFFICE
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| MELVIN G. WRENN | § | |
| | § | |
| VS. | § | CIVIL NO. A-99-CA-424 JN |
| | § | |
| TEXAS NATURAL RESOURCE | § | |
| CONSERVATION COMMISSION | § | |

## ORDER

Before the Court is: (1) Defendant's Motion for New Trial (Doc. No. 83) filed on August 15, 2000; (2) Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. No. 84) filed on August 15, 2000; (3) Plaintiff's Bill of Costs (Doc. No. 85) filed on August 18, 2000, which the Court will treat as a Motion for Award of Attorney Fees; (4) Defendant's Objections to Plaintiff's Application for Fees (Doc. No. 89) filed on August 28, 2000; (5) Plaintiff's Response to Defendant's Motion for New Trial filed on August 29, 2000; (6) Plaintiff's Motion to Strike Late-Proffered Evidence and Response to Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. No. 91) filed on August 29, 2000; (7) Defendant's Reply to Plaintiff's Response to Defendant's Motion for New Trial filed on September 8, 2000; and (8) Plaintiff's Reply to Defendant's Objections and Supplemental Declaration of Attorney Robert Notzon filed on September 11, 2000. Upon consideration of the Motions, the Responses, the Replies, the applicable legal authority and the entire record, the Court enters the following Order.

### I. Background

This case was tried to a jury on July 10-12, 2000. The jury returned a unanimous verdict on July 12, 2000. The jury found that Defendant Texas Natural Resource Conservation Commission

("TNRCC") retaliated against Plaintiff Wrenn in violation of Title VII of the Civil Rights Act of 1966 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*. The jury awarded $75,000.00 in damages for this claim. The jury found that TNRCC did not unlawfully discriminate against Plaintiff Wrenn in violation of Title VII.

Before the case was submitted to the jury, TNRCC made an oral motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. The Court took the motion under consideration and ordered TNRCC to further brief the issue in writing. TNRCC's supporting brief was filed on July 13, 2000. On August 1, 2000 the Court denied TNRCC's Rule 50 motion and entered final judgment accepting the jury's verdict.

## II. Renewed Motion for Judgment as a Matter of Law

TNRCC asserts that it filed a renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) "in an abundance of caution so as to preserve all points on appeal." Clerk's Doc. No. 84 at 2, n.2. Accordingly, for the reasons set forth in the Court's Order filed on August 1, 2000 denying Defendant's oral motion for judgment as a matter of law, Defendant's renewed motion will be denied. Since Defendant's renewed motion for judgment as a matter of law will be denied, Plaintiff's motion to strike the affidavit of Ron Pedde, exhibit B to Defendant's motion, will be denied as moot.

## III. Motion for New Trial

TNRCC asserts that Wrenn failed to present sufficient evidence of mental anguish to support a jury verdict in the amount of $75,000.00. Accordingly, TNRCC requests a new trial pursuant to Fed. R. Civ. P. 59, or, alternatively, for the Court to remit the damage award.

A new trial may be granted if the trial court finds that "the verdict is against the weight of

evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. . . ." *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991) (quoting (*Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). "In making this determination, the district court weighs all the evidence, but need not view it in the light most favorable to the nonmoving party. While the court is to respect the jury's collective wisdom and must not simply substitute its opinion for the jury's, '[i]f the trial judge is not satisfied with the verdict of a jury, he has the right--and indeed the duty--to set the verdict aside and order a new trial.'" *Smith*, 773 F.2d at 613 (citation omitted).

In regard to Defendant's argument that there is no evidence to support the jury's verdict as a matter of law, this issue has been addressed by the Court as reflected in its Order dated August 1, 2000 denying Defendant's motion for judgment as a matter of law. The Court, upon consideration of the entire record, does not find the jury's verdict was against the weight of the evidence.

Defendant further argues that the jury's award of $75,000.00 was awarded solely as compensation for Plaintiff's emotional distress. TNRCC argues this amount is excessive. To receive an award of more than nominal damages for emotional distress, "there must be a 'specific discernable injury to the claimant's emotional state' . . . proven with evidence regarding the 'nature and extent of the harm.'" *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 376 (5th Cir. 2000) (citations omitted). Further, "in proving mental damages, 'a claimant's testimony alone may not be sufficient to support anything more than a nominal damage award.'" *Id.* In *Vadie*, the only evidence regarding emotional damages was the Plaintiff's own testimony. The Court found that this was insufficient to support an award in excess of $10,000.00. *Id.* at 377-78.

In this case, Wrenn's testimony was the only evidence offered in support of his claimed

emotional damages. Were emotional damages the only damages the jury considered, the Court would remit the award to a nominal amount pursuant to *Vadie*. In this case, however, the jury was required to award damages as one consolidated amount. The jury was not permitted to identify the types of damages for which it was awarding compensation. Plaintiff requested and presented evidence of damages for loss of reputation and the denial of promotions, merit increases and bonuses which the jury could have concluded Wrenn would have received but for his filing discrimination claims. In light of these damages, the Court does not find the jury verdict to be "contrary to reason" or "entirely disproportionate to the injury sustained" such that remittitur is warranted. *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995). Accordingly, TNRCC's motion for new trial will be denied.

### III. Attorney's Fees

A Plaintiff is permitted to recover attorney fees on successful Title VII claims. 42 U.S.C. § 2000e-5(k).[1] Pursuant to the Court's Final Judgment, Plaintiff was ordered to file an application for attorney fees by August 18, 2000. Plaintiff complied with this order but failed to comply with W. Dist. Local R. CV-7(j) and Fed. R. Civ. P. 54(d). Nevertheless, the Court finds that Plaintiff is entitled to recovery of reasonable fees.

To recover attorney fees, the plaintiff must demonstrate, as a threshold for recovery of attorney fees, that he is the prevailing party. *Commonwealth Oil v. E.E.O.C.*, 720 F.2d 1383, 1385

---

[1] § 2000e-5(k) provides:
In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

(5th Cir. 1983). In determining if a party has prevailed "[t]he proper focus is whether the plaintiff has been successful on the central issue . . . as exhibited by the fact that he has acquired the primary relief sought." *Uviedo v. Steve's Sash and Door Co.*, 753 F.2d 369, 373 (5th Cir. 1985). A Plaintiff who recovers on a retaliation claim but loses the major claim, discrimination, can still be a prevailing party. *See Adams v. Reed*, 567 F.2d 1283 (5th Cir. 1978). Thus, the Court finds that Wrenn's recovery on his retaliation claim is sufficient for him to be a prevailing party.

Title VII does not allow for the award of any attorney fees requested, but only reasonable fees. *Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 551 (5th Cir. 1987)."The most critical factor" in determining the reasonableness of a fee award in a civil rights suit "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 574 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941 (1983)). Attorney fees must be awarded only for those lawyer hours that are reasonably necessary to adequately prosecute the case. *City of Riverside v. Rivera*, 477 U.S. 561, 568, 106 S. Ct. 2686, 2691 (1986). Attorney fees must not be awarded for attorney hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939-40.

Wrenn only recovered on one claim, retaliation. The jury found that he was not discriminated against. His other claims were dismissed prior to or on summary judgment. Due to this limited success, the Court finds that the amount requested by Plaintiff, $75,537.50, is unreasonable. Upon careful consideration of Plaintiff's application for fees, the Defendant's objections and the Plaintiff's reply, the Court finds that $30,000.00 is a reasonable amount for attorney fees for Wrenn's recovery in this case.

IT IS THEREFORE ORDERED that Defendant's Motion for New Trial (Doc. No. 83) is

DENIED.

IT IS FURTHER ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. No. 84) is DENIED.

IT IS FURTHER ORDERED that  Plaintiff's Motion to Strike Late-Proffered Evidence (Doc. No. 91) is DENIED AS MOOT.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall recover $30,000.00 from Defendant as reasonable attorney fees for prevailing in this suit pursuant to 42 U.S.C. § 2000e-5(k).

SIGNED AND ENTERED this _____14 TH_____ day of September, 2000.


_____
JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE